UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 27, 2017

LETTER TO COUNSEL

RE: *Hope Yvette Carroll v. Commissioner, Social Security Administration*;
Civil No. SAG-16-1283

Dear Counsel:

On April 29, 2016, Plaintiff Hope Y. Carroll petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment and Ms. Carroll's reply. (ECF Nos. 21, 23, 26). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Ms. Carroll filed a claim for Supplemental Security Income ("SSI") on October 15, 2012. (Tr. 137-45). She alleged a disability onset date of March 1, 2012. *Id*. Her claim was denied initially and on reconsideration. (Tr. 95-98, 100-03). A hearing was held on September 11, 2014, before an Administrative Law Judge ("ALJ"). (Tr. 39-73). Following the hearing, the ALJ determined that Ms. Carroll was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 23-38). The Appeals Council denied Ms. Carroll's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Carroll suffered from the severe impairments of "obesity and osteoarthritis of the shoulders, back, and knees." (Tr. 28). Despite these impairments, the ALJ determined that Ms. Carroll retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 416.967(a) except that she requires a sit/stand option and she can perform no overhead work. Additionally, due to a combination of pain and other physical symptoms, she is able to perform no more than simple, routine tasks.

(Tr. 29). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Carroll could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 32-34).

Ms. Carroll's sole argument on appeal is that the ALJ erred by failing to resolve the apparent conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT") pursuant to the Fourth Circuit's ruling in *Pearson v. Colvin*, 810 F.3d 204 (4th Cir. 2015). Specifically, Ms. Carroll argues that the ALJ failed to identify and resolve an apparent conflict between the ALJ's finding that Ms. Carroll was limited to "no overhead work" and the VE's testimony that "[she] could perform jobs that, according to the DOT, may have required overhead reaching[.]" Pl. Mot. 12. I agree that the ALJ's opinion violates *Pearson*, and thus remand to allow compliance with that decision. In remanding for additional explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Carroll is not entitled to benefits is correct or incorrect.

In *Pearson*, the Fourth Circuit held that an ALJ has a duty, independent of the VE, to identify any "apparent conflicts" between the VE's testimony and the DOT and to resolve any such conflicts. *Pearson*, 810 F.3d at 208-10. The Fourth Circuit noted that the ALJ's duty to identify and resolve conflicts with the DOT extends beyond simply asking the VE whether his testimony is consistent with the DOT. *Id*. Rather, the Fourth Circuit clarified that "the *ALJ* (not the [VE])" is required to "'[i]dentify and obtain a reasonable explanation' for conflicts between the [VE's] testimony and the [DOT][.]" *Id*. at 208 (emphasis in original) (citing SSR 00-04p). The Fourth Circuit limited the ALJ's duty to identifying "apparent" conflicts, which it held to mean "that the ALJ must identify where the expert's testimony seems to, but does not necessarily, conflict with the [DOT]. For the Ruling [SSR 00-4p] explains that '[i]f the [VE]'s…evidence appears to conflict with the [DOT], the adjudicator will obtain a reasonable explanation for the *apparent* conflict.'" *Id*. at 209 (emphasis in original). In *Pearson*, the apparent conflict at issue involved the degree of reaching required for a job identified by the VE. *Id*. at 210-11. According to the DOT, the job required frequent reaching, in no specific direction, while the claimant was limited to occasional overhead reaching with one arm. *Id*. Thus, the Fourth Circuit found that the ALJ erred by failing to identify and resolve the apparent conflict between the VE's testimony that the claimant could perform the job and the job requirements provided by the DOT. *Id*.

In the instant case, the ALJ determined that Ms. Carroll was limited to "no overhead work." (Tr. 29). At the hearing, the ALJ asked the VE whether there were jobs in the national economy for an individual with Ms. Carroll's limitations.[1] (Tr. 68). In response, the VE testified that such an individual could perform the jobs of "addresser," "order clerk," and "machine feeder." (Tr. 69). The VE also testified that there was no conflict between his

---

[1] Specifically, the ALJ limited his hypothetical to "sedentary" work that "consist[ed] of simple, routine tasks," that did "not require any overhead work," and that had "a sit/stand option[.]" (Tr. 68).

testimony and the DOT regarding Ms. Carroll's limitation to "no overhead work."[2] *Id.* In reliance on the VE's testimony, the ALJ concluded that Ms. Carroll could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 32-34). However, under the DOT, all three positions identified by the VE require "frequent reaching." DOT at 209.587-010, 209.567-014, 652.685-038. The DOT defines "reaching" as "[e]xtending hand(s) and arm(s) in *any* direction." App. C, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles C-3* (emphasis added). Thus, the ALJ failed to identify an apparent conflict between the VE's testimony that Ms. Carroll could perform work available in sufficient numbers in the national economy and the requirements of that work under the DOT. "Although the [DOT] does not expressly state that the occupations identified by the [VE] require…overhead reaching, the [DOT's] broad definition of 'reaching' means that they certainly *may* require such reaching. Comparing the [DOT] definition to [Ms. Carroll's] limitations, the [VE's] testimony that [she] could fulfill the requirements of these occupations *apparently* conflicts with the [DOT]." *Pearson*, 810 F.3d at 211 (emphasis in original). As in *Pearson*, "this is exactly the sort of inconsistency the ALJ should have resolved with the expert's help." *Id.* Indeed, "it is the purview of the ALJ to elicit an explanation from the expert as to whether these occupations do, in fact, require…overhead reaching." *Id.* Accordingly, in light of this inadequacy, I must remand the case to the Commissioner for further analysis. On remand, the ALJ should determine what form of reaching the VE's stated occupations require and whether Ms. Carroll can fulfill those requirements given her limitations.

For the reasons set forth herein, Ms. Carroll's Motion for Summary Judgment (ECF No. 21) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 23) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                                                Sincerely yours,

                                                                /s/

                                                               Stephanie A. Gallagher
                                                               United States Magistrate Judge

---

[2] The ALJ did, however, acknowledge that the VE's testimony regarding the "sit/stand option" was inconsistent with the DOT, (Tr. 69), and noted that the VE cured the apparent conflict by "adequately reduc[ing] the numbers of jobs available for an individual with such a limitation," (Tr. 33). The ALJ did not identify any other apparent conflicts in the VE's testimony. (Tr. 69).